NOT DESIGNATED FOR PUBLICATION

No. 120,748

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUAN ANTONIO BONILLA JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; ROBERT J. FREDERICK, judge. Opinion filed November 15, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM: Juan Antonio Bonilla Jr. appeals the district court's order revoking his probation and ordering him to serve his underlying sentence. We granted Bonilla's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). After a complete review of the record, we affirm.

FACTUAL AND PROCEDURAL HISTORY

In August of 2014, Bonilla pled no contest to one count of attempted aggravated indecent liberties with a child and one count of aggravated indecent solicitation of a child, both felonies. He was sentenced to a combined sentence of 68 months in prison with lifetime postrelease supervision. He was then placed on probation for 36 months.

1

Unfortunately, the record shows Bonilla was not successful on probation. Three times he admitted to and was found to be in violation of his probation. Each time the court imposed an intermediate sanction, first 3 days in jail, then 120 days in prison, and finally 180 days in prison along with extensions of his probation. Finally, on December 14, 2018, Bonilla admitted that he was in violation of his probation by testing positive for methamphetamine, quitting his job, and failing to report the loss of his job to his probation officer. The court found him to be in violation of his probation and ordered him to serve his underlying sentence. He appeals.

ANALYSIS

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). K.S.A. 2018 Supp. 22-3716(c)(1)(E) authorizes the court to revoke probation after the court has imposed the intermediate sanction listed in subsections (c)(1)(B), (c)(1)(C), and (c)(1)(D).

Bonilla does not argue the district court's decision was based on an error of law or an error of fact. Instead, he asserts the district court's decision was unreasonable. His argument is unpersuasive. Given the fact that Bonilla admitted to violating his probation and had been given three prior opportunities to continue probation after he had violated the probation terms, we do not find that the court's decision to order Bonilla to serve his underlying sentence was unreasonable, arbitrary, or fanciful. Even though Bonilla

2

expressed an interest in entering inpatient treatment for his drug addiction, he had done little to address his addiction in the past, even though he had been ordered to do so and ordered to stay alcohol and drug free. Accordingly, we find no abuse of discretion here and affirm.

Affirmed.